UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MEGAN RANKINS,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

COPPERLEAF MANAGEMENT GROUP INC.

        Defendant

Case No. 22-cv-299

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Megan Rankins, on behalf of herself and all others similarly situated, and Defendant, Copperleaf Management Group, Inc., move this Court for final settlement approval in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," (hereinafter simply, the "Settlement Agreement"), (ECF No. 11-1), which was preliminarily approved by this Court on September 16, 2022. (ECF No. 14.)

### SETTLEMENT BACKGROUND

This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b), and Wisconsin's Wage Payment and Collection Laws, as amended, ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.01 et seq. (*See, generally,* ECF No. 1.)

Between March 2022 and June 2022, and after Plaintiff's counsel received, reviewed, and analyzed extensive documentation, data, and information produced by Defendant's counsel, such

as class-wide timekeeping data and records for all employees who were employed at Defendant's Ripon, Wisconsin location during the statutory period, the parties concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including additional and extensive written discovery, depositions, document review and production, and the filing of conditional certification, certification, decertification, and dispositive motions. (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 9.) As such, Plaintiff's counsel created damages models and exchanged monetary settlement calculations with Defendant's counsel, and the parties communicated directly and engaged in substantive arms-length settlement negotiations with each other in an attempt to resolve this matter on a class-wide basis. After the parties preliminarily agreed on monetary settlement terms and conditions in late June 2022, counsel for the parties discussed other non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement, and drafted and finalized the settlement agreement in July 2022. (*Id.*)

On August 5, 2022, the parties filed their Joint Motion for Preliminary Settlement Approval, (ECF No. 11), and the Settlement Agreement, (ECF No. 11-1), with the Court, which was preliminarily approved by this Court on September 16, 2022. (ECF No. 14.) The Court Ordered, among other things, that the parties' Notice Packet be sent to all Putative Collective Members and Putative Class Members. (*Id.*)

## THE NOTICE PROCESS

On September 23, 2022, Plaintiff's counsel distributed the parties' Notice Packet to seventy-seven (77) Putative Collective Members and Putative Class Members via U.S. first-class mail. Among other things, the Notice Packet: (1) advised Putative Collective Members that they could participate in the settlement collective, or "opt-in," by timely and properly signing and

returning the Consent to Join Form to Plaintiff's counsel by the Notice deadline of October 24, 2022; and (2) informed Putative Class Members that they could exclude themselves from the Rule 23 class, or "opt-out," and/or object to the settlement by the Notice deadline of October 24, 2022. (Luzi Decl., ¶ 10.)

To date, the parties have received twenty (20) Consent to Join Forms, or "opt-ins," that were filed with the Court, (ECF Nos. 1-3, 15-1, 17-1, 18-1, 19-1, 20-1, and 21-1) ("Collective Members"),[1] and one (1) request for exclusion, or "opt-out," which was filed with the Court. (ECF No. 16-1.) Additionally, to date, the parties have not received any objections to the settlement. (Luzi Decl., ¶ 10.)

Thus, the twenty (20) Collective Members will receive their respective payments as listed in the "FLSA Amount" column of Exhibit B of the Settlement Agreement, (ECF No. 22-1), totaling $4,296.00, which are representative of reasonably approximated and alleged liquidated damages during the statutory period – March 9, 2019, and March 9, 2022. (*Id.* at ¶ 3.1(C)2.) Further, each of the seventy-six (76) Class Members will receive their respective payments as listed in the "WWPCL Amount" column of Exhibit B of the Settlement Agreement, (ECF No. 22-1), totaling $11,318.00, which are representative of reasonably approximated overtime wages allegedly owed during the statutory period – March 9, 2020, and March 9, 2022. (*Id.* at ¶ 3.1(C)1.) In all, Defendant will pay a total amount of $15,614.00 to a total of seventy-six (76) Settlement Class members representative of reasonably approximated overtime wages and liquidated damages allegedly owed between March 9, 2019, and March 9, 2022. (Luzi Decl., ¶ 11.) In Plaintiff counsel's opinion, these amounts represent an excellent monetary recovery for the Settlement Class Members, and a better result for the Settlement Class Members via continued litigation under

---

[1] Kelly Becker's signed Consent to Join Form was filed twice with the Court. (*See* 18-1 & 21-1.)

the FLSA and WWPCL was incredibly unlikely. Thus, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate. (*Id.*)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

According to the terms of the Settlement Agreement, within fourteen (14) calendar days of the Settlement Effective Date, Defendant will deliver payment to Plaintiff's counsel for distribution to the Settlement Class members. In the event that, before the close of the Settlement Check Void Date as noted in the Settlement Agreement, Plaintiff's counsel becomes aware that a Settlement Class member did not receive the Settlement Check, or if a Settlement Class member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, Plaintiff's counsel will inform Defendant's counsel and Defendant shall issue a stop payment order on the original check and issue a new check. In no event shall a Settlement Class member be issued a replacement check until any prior check sent to them has been cancelled. Any unclaimed monies or Settlement Checks that expire upon the Settlement Check Void Date shall remain and/or revert back to Defendant. (ECF No. 11-1, ¶ 2.3)

## ARGUMENT

I. **FINAL SETTLEMENT APPROVAL STANDARD**

A court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective

members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II.   FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves bona fide disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages.

As noted above, between March 2022 and June 2022, and after Plaintiff's counsel received, reviewed, and analyzed the extensive documentation, data, and information produced by Defendant's counsel, such as class-wide timekeeping data and records for all employees who were employed at Defendant's Ripon, Wisconsin location during the statutory period, the parties communicated directly and engaged in substantive arms-length settlement negotiations with each other in an attempt to resolve this matter on a class-wide basis. The result was a comprehensive monetary and non-monetary settlement, the terms and conditions of which are embodied in the

parties' Settlement Agreement, ECF No. 11-1. (Luzi Decl., ¶¶ 9-11.) For these reasons, the parties believe that the Settlement Agreement is a fair, reasonable, and adequate resolution of the bona-fide FLSA and WWPCL claims and causes of action in this matter. (*Id.*)

## **CONCLUSION**

For all of the reasons herein, the parties respectfully request that this Court enter a Final Order:

1. Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appointing Megan Rankins as Class Representative for the WWPCL Class and FLSA Collective;

4. Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declaring the Settlement Agreement to be binding on the Parties and the Settlement Class;

6. Dismissing with prejudice the Settlement Class Members' released claims;

7. Dismissing without prejudice the FLSA Claims of the Putative Collective Members who did not timely and properly file a Consent to Join Form with this Court in full accordance with the procedures set forth in the parties' Settlement Agreement;

8. Dismissing without prejudice the WWPCL Claims of the Putative Class Members who timely and properly excluded themselves in full accordance with the procedures set forth in the parties' Settlement Agreement;

9. Granting Plaintiff's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 22), in the amount of $25,000.00;

10. Granting Plaintiff's unopposed Motion for Approval of Service Award, (ECF No. 26), in the amount of $2,500.00; and

11. Dismissing the Complaint on the merits and with prejudice.

Dated this 22nd day of November, 2022

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | VON BRIESEN & ROPER, s.c.<br>Counsel for Defendant |
| **s/ *Scott S. Luzi*** | **s/ *Craig T. Papka*** |
| James A. Walcheske, SBN 1065635<br>Scott S. Luzi, SBN 1067405<br>David M. Potteiger, SBN 1067009 | Craig T. Papka, SBN 1093078 |
| WALCHESKE & LUZI, LLC<br>235 North Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005 | VON BRIESEN & ROPER, s.c.<br>20975 Swenson Drive, Suite 400<br>Waukesha, Wisconsin 53186 |
| Telephone: (262) 780-1953 | Telephone: (262) 923-8672 |
| Email: jwalcheske@walcheskeluzi.com<br>Email: sluzi@walcheskeluzi.com<br>Email: dpotteiger@walcheskeluzi.com | E-Mail: craig.papka@vonbriesen.com |